## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

JACK CLAYTON, *as the administrator of*
*the Estate of* TIMOTHY CLAYTON,

        Plaintiff,

v.

SHERIFF LEE CONE, *et al.*,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:

Case No. 1:24-cv-139-LAG-ALS

## ORDER

Pending before the Court is Plaintiff's Second Motion to Compel Defendant Genesys ("Genesys") to Respond to Interrogatories and Request for the Production of Documents. (Docs. 45, 47). Genesys filed an initial response in opposition to Plaintiff's Second Motion to Compel (Doc. 48) and subsequently supplemented (Doc. 78) its response on the morning of the discovery conference. Plaintiff's motion was referred to the undersigned on January 13, 2026. A discovery conference was held on January 22, 2026. This matter has been fully briefed by the Parties and is now ripe for the Court's consideration.

### Plaintiff's Interrogatories

*Interrogatories Nos. 1 & 2*

By letter dated April 30, 2025, Genesys identified "Briana Brown and Drancy Sanders" as "nurses on shift while Mr. Clayton was incarcerated." (Doc. 78-1, at 4). Genesys also identified "the following providers [who] were on call: (1) Regina Ward, NP; (2) Dustin Dowling, NP; (3) Harold Caraviello, PA; and (4) Shanekia Marsh." *Id.* Plaintiff's Second Motion to Compel specifically seeks the identity of every "medical provider who was physically present at the jail on

November 22 and November 23, 2023." (Doc. 45, at 7). Plaintiff highlighted medical documents produced by Genesys (Bates-stamped GENESYS 0895-0896) that redact the name of the medical provider on November 23, 2023. During the discovery hearing, counsel for Genesys acknowledged that the redaction of the medical provider's name was done in error and that no privilege applied to shield the identity of the medical provider from disclosure. Accordingly, Genesys is ordered to identify the medical providers by un-redacting any previously produced responsive, non-privileged medical records so that the identity of the medical providers is made known to the Plaintiff. The motion to compel is **GRANTED** as to Interrogatories Nos. 1 and 2.

*Interrogatory No. 8*

Plaintiff's Interrogatory No. 8 asks Genesys to "[p]lease state if the Nursing and Medical Staff must follow the Policies and Procedures of the Jail, or if the Nursing and Medical Staff have different Jail Policy and Procedures[.]" (Doc. 45, at 8). By letter dated April 30, 2025, counsel for Genesys responded to Interrogatory No. 8 stating, "Genesys Health Alliance Nurses must follow Genesys Health Alliance policies. Genesys Health cannot testify as to what policies and procedures Genesys Health Alliance nurses may or may not have to follow from Ben Hill County Jail, nor would they have these policies in their possession to produce." (Doc. 78-1, at 5). During the discovery conference, counsel for Genesys stated that Genesys Health Alliance nurses only follow the policies and procedures set forth by Genesys Health Alliance and that the response given by prior defense counsel in the April 30 letter was made in error. In that regard, Genesys is ordered to supplement or amend its prior responses to Interrogatory No. 8 to clearly state whether or not Genesys Health Alliance nurses were or were not required to follow any policies or procedures of the Ben Hill County Jail during the relevant time period outlined in the Complaint. The motion to compel is **GRANTED** as to Interrogatory No. 8.

*Interrogatory No. 9*

Plaintiff's Interrogatory No. 9 requests that Genesys "be compelled to describe the investigation it conducted to determine the chain of custody and current whereabouts of the medication Mr. Clayton's family" gave to Genesys nurses on November 22, 2023, at approximately 12:00 p.m. (Docs. 45, at 9; 78-1, at 5). Pursuant to Federal Rule of Civil Procedure 33(d), Genesys responded by producing business and/or medical records which indicated its receipt of the medication on the stated date and time. Genesys further responded that it was unable to locate the medication and had no idea of its current whereabouts. Plaintiff's motion to compel does not challenge Genesys's reliance upon Rule 33(d) to partially respond to Plaintiff's request for discovery. Instead, Plaintiff requests that the Court order Genesys to detail the investigative steps it took to locate the missing medication. Plaintiff's position is, in part, well taken. The production of a progress note (Bates-stamped GENESYS 000011), (Doc. 78-1, at 5), does not fully answer the second half of Interrogatory No. 9, which seeks "the current location of such medication[.]" (Doc. 45, at 9).

"If the answering party lacks necessary information to make a full, fair, and specific answer to an interrogatory, it should so state under oath *and should set forth in detail the efforts made to obtain the information.*" *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (emphasis added) (citations omitted). Simply stating that the medication cannot be located at this time is not the same as saying that a search was conducted and the medication could not be located. Therefore, Genesys is directed to serve a supplemental response to Interrogatory No. 9 that includes its efforts to locate the missing medication. In supplementing its response, it is not the Court's intention that Genesys disclose any attorney/client communications or other privileged communications. The Court expects that Genesys' supplemental response will verify

that someone conduced a diligent search and that the medication was either located or it was not located. The motion to compel is **GRANTED** as to Interrogatory No. 9.

*Interrogatory No. 11*

Interrogatory No. 11 asks Genesys to state the date and time that Genesys Health Alliance nurses administered medication to Mr. Clayton and each instance that his blood glucose levels were checked.   (Doc. 45, at 9). Genesys responded by providing two progress notes (Bates-stamped GENESYS 000011, 000024), (Doc. 78-1, at 5), and explaining that a Medication Administration Record was not created for Mr. Clayton. (Doc. 45, at 9) (citing 45-2, at 7). During the discovery conference, Plaintiff further argued that Genesys must either respond to Plaintiff's Request for Admissions or Genesys must state what medication, when that medication was given, and when Mr. Clayton's blood glucose levels were checked. Again, pursuant to Federal Rule of Civil Procedure 33(d), Genesys responded by producing two (2) pages from its medical records.

Rule 33(d) provides that, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing" the responding party's business records, "and if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party is permitted to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and "giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d)(1)-(2). Therefore, while Genesys has the right to produce documents instead of responding to an interrogatory, the burden of determining the answer to the interrogatory must be the same for both Parties.

4

Here, because Genesys relied on only two (2) pages of medical records to respond to Interrogatory No. 11, the Court finds that the burden of deriving or ascertaining the answer is the same for either party. As a result, Genesys is not obligated to create and produce a separate document when Plaintiff can ascertain the same information from the produced medical records. Accordingly, the Parties are **reminded** of their obligations under Rule 26 of the Federal Rules of Civil Procedure. Specifically, Federal Rule of Civil Procedure 26(g) requires an attorney to sign discovery requests and responses to certify that a reasonable inquiry has been made <u>and</u> the Rule 26(g) advisory committee notes to the 1993 Amendments of Rule 26 state that the "signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." The motion to compel is **DENIED** as to Interrogatory No. 11.

**Plaintiff's First Request for the Production of Documents**

*RFP No. 1*

To the extent documents exist, Genesys is ordered to produce all responsive and non-privileged documents for the following categories: 1, 3, 4, 8, 11, 12, 15, 17, 18, 19, 20, 21, 22, and 23. (*See* Doc. 45, at 11-12 n.1). During the discovery conference, counsel for Genesys represented to the Court that there are no documents in existence that are responsive to categories 5, 6, 24, and 25. As set forth above, the motion to compel is **GRANTED-in-part** as to Request for Production No. 1.

*RFP No. 4*

The Parties agreed during the discovery conference that there are no documents responsive to this request because Genesys Health Alliance does not provide training for Ben Hill County

Detention Staff. *See* April 30, 2025 letter. The motion to compel is **DENIED** as to Request for Production No. 4.

*RFP No. 5*

During the discovery conference, counsel for Genesys agreed to supplement Genesys's prior discovery responses to specifically address the following categories of requested information: "All in-service training (as specified by Policy), including PowerPoints/Slide Decks, Handouts and Reference Guides, Worksheets and Exercises, Training Agendas and Schedules, Inservice Logs, and Attendance Logs." (*See* Doc. 45, at 13). The motion to compel is **GRANTED** as to Request for Production No. 5.

*RFP No. 10*

Plaintiff requests "[a]ll [d]ocuments reflecting or relating to complaints, grievances, or lawsuits filed prior to the decedent's death that concern the death of any inmate for any reason, including the disposition of such complaints or lawsuits, for 10 years prior to the death in this instant lawsuit." (Doc. 45, at 14) (citing Doc. 47-1, at 15). The initial response of Genesys to this request was simply "None." (Doc. 45, at 14) (citing Doc. 47-2, at 15). Subsequently, on April 30, 2025, Genesys amended its response stating "[t]here are no prior complaints or grievances against Genesys Health Alliance at Ben Hill County Jail." (Doc. 78-1, at 3). During the discovery conference, counsel for Genesys argued that Genesys is not required to make a good faith search or expend its resources to provide documents to Plaintiff when the requested information is equally available to Plaintiff.

Although any previously filed lawsuits may be otherwise publicly available and therefore equally accessible by both parties, the Court has previously ruled that information related to prior lawsuits against Genesys is proportional to the needs of the case. The existence of prior complaints

regarding the same or similar conduct appear to go to the issues raised in the Complaint. At this phase, the Court makes no opinion on whether any prior lawsuits or grievances would ever be admissible. However, the Court believes that Plaintiff is entitled to this information in discovery.

Accordingly, Genesys is ordered to identify by name, case number, and disposition all prior wrongful death lawsuits filed against Genesys, or its predecessor if known by a different name, in the ten (10) years prior to the death of Mr. Clayton. The Court further restricts the response to only those wrongful death claims that arise from incarceration at a prison facility in the State of Georgia where Genesys provided healthcare services.

Genesys is further ordered to produce a copy of any complaints or grievances that concern the death of an inmate and it is alleged that Genesys medical staff either failed to properly administer medication to an inmate, failed to evaluate or refused to provide medical care to an inmate, or failed to follow policies and procedures of Genesys Health Alliance or the Ben Hill County Jail. The Court will also limit this inquiry to the ten-year period immediately preceding the death of Mr. Clayton and to only those prison facilities in the State of Georgia where Genesys provided healthcare services.

The motion to compel is **GRANTED** as to Request for Production No. 10.

*RFP No. 11*

In the April 30 correspondence, counsel for Genesys agreed to supplement its prior discovery responses to produce the employment files of Drancy Sanders and Donna Moss. (Doc. 78-1, at 4). During the discovery conference, counsel for Genesys agreed to further supplement its prior discovery responses to include the employment files for Danielle Zuckerman and the unidentified medical providers. The motion to compel is **GRANTED** as to Request for Production No. 11.

## CONCLUSION

Accordingly, Plaintiff's Second Motion to Compel is **GRANTED-IN-PART and DENIED-IN-PART**. Genesys is **ORDERED** to provide the information as outlined in this Order no later than **TEN (10) BUSINESS DAYS** from the date of this Order.

SO **ORDERED**, this 12th day of February, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE